**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
EQUAL EMPLOYMENT OPPORTUNITY    :    Civil Action No.
COMMISSION,                     :
                                :
            Plaintiff           :    ECF CASE
                                :
-against-                       :    COMPLAINT
                                :
COLLEGE VIEW DONUTS LLC         :
d/b/a DUNKIN' DONUTS            :    JURY TRIAL DEMAND
                                :
            Defendant           :
-----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Parties S.D. and H.S., and a class of other similarly situated female employees who have been affected by such unlawful practices. As alleged with greater specificity below, the Commission charges that College View Donuts LLC, d/b/a Dunkin' Donuts (hereinafter "Defendant" or "Dunkin' Donuts"), subjected S.D., H.S., and a class of other similarly situated female employees to discrimination because of their sex, female.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Dunkin' Donuts has continuously been a New York corporation doing business in the State of New York and the county of Rensselaer, and has continuously had at least 15 employees.

5. At all relevant times, Dunkin' Donuts has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties S.D. and H.S. filed Charge Nos. 525-2008-00429 and 525-2007-01117, respectively, with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2006, Dunkin' Donuts has engaged in unlawful employment practices in violation of Sections 703 and 707 of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-6 at its facility located at 69 Main Street, in Wynantskill, New York, by harassing its female employees because of their sex. These practices have included, but are not limited to, the following:

   a. S.D. and H.S. are females. At the time of the incidents described below, S.D. was 16 years old and H.S. was 17 and 18 years old.

b.  Dunkin' Donuts allowed S.D.'s and H.S.'s male manager to subject them and a class of other similarly situated female employees to verbal sexual harassment by making frequent and repeated unwelcome comments of a sexual and lewd nature to and about them, including telling them they were "hot" and that he preferred virgins.. He asked them about their sex lives and described in detail the sexual acts he wanted to perform on them. He warned them not to tell anyone about what he said to them. He also made comments about customers' bodies and whether he was attracted to them.

c.  Dunkin' Donuts allowed S.D.'s and H.S.' male manager to subject them and a class of other similarly situated female employees to physical sexual harassment by grabbing, touching, hugging, rubbing, lifting, tickling, and attempting to kiss them without their consent because of their sex.

d.  Although female employees complained about the sexual harassment, Dunkin' Donuts failed to effectively remedy the hostile work environment or prevent further harassment.

8.  The effect of the practices complained of above has been to deprive S.D., H.S., and a class of other similarly situated female employees, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9.  The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of S.D., H.S., and a class of other similarly situated female employees.

3

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Dunkin' Donuts, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B. Order Dunkin' Donuts to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Dunkin Donuts to make whole S.D., H.S., and a class of other similarly situated female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Dunkin' Donuts to make whole S.D., H.S., and a class of other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Dunkin' Donuts to make whole S.D., H.S., and a class of other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Dunkin' Donuts to pay S.D., H.S., and a class of other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>James Lee
>Deputy General Counsel
>
>Gwendolyn Y. Reams
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>131 M Street, NE
>Washington, D.C. 20507
>
>
>_____/s/_____
>Elizabeth Grossman
>Regional Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>New York District Office
>33 Whitehall St., 5th Floor
>New York, NY 10004-2112
>Tel: (212) 336-3696
>Fax: (212) 336-3623
>elizabeth.grossman@eeoc.gov

      /s/
Nora E. Curtin
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3747
Fax: (212) 336-3623
nora.curtin@eeoc.gov


      /s/
Adela Santos
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3695
Fax: (212) 336-3623
adela.santos@eeoc.gov