**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

                            **Plaintiff,**

       v.                                        1:09-cv-1320

**COLLEGE VIEW DONUTS LLC**
**d/b/a DUNKIN' DONUTS,**

                            **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

       Plaintiff Equal Employment Opportunity Commission ("EEOC") commenced the instant action against Defendant College View Donuts LLC d/b/a Dunkin' Donuts ("College View") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. Presently before the Court is the motion of H.S., the purported victim of the sexual harassment and other conduct alleged in the EEOC's Complaint, to intervene pursuant to Fed. R. Civ. P. 24(a)(1) and 42 U.S.C. § 2000e-5(f)(1). See Motion, dkt. # 6.

       College View does not oppose H.S.'s motion insofar as she seeks to intervene in the Title VII action. Indeed, Title VII expressly provides Plaintiff with the right to intervene. 42 U.S.C. § 2000e-5(f)(1) ("The person . . . aggrieved shall have the right to intervene in a civil action brought by the Commission. . . ."). Accordingly, this portion of the motion is **GRANTED**.

Opposition is presented to the motion insofar as H.S. seeks to include additional defendants and additional causes of action. In her motion, H.S. seeks to add Ivo Garcia and Paul Chiarello as named defendants,[1] and to assert claims against these individuals pursuant to the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and New York's common law. An attorney has appeared on behalf of Chiarello. College View claims that allowing these additional claims and defendants will unduly complicate the proceedings, significantly broaden the scope of discovery, and turn the focus of the trial away from the Title VII claims. Chiarello asserts that claims against individuals cannot be joined with Title VII claims. He also asserts that he was prejudiced because he was not named in the charge filed with the EEOC and, therefore, did not have an opportunity to participate in any efforts at conciliation.

The proposed new claims arise out of the same facts and circumstances giving rise to the Title VII claim. Similarly, the individuals H.S. wishes to add are the same individuals involved in the conduct giving rise to the Title VII claim. It is routine for claims pursuant to the New York Human Rights Law to be brought together with Title VII claims. See Torres v. Pisano, 116 F.3d 625, 629 n. 1 (2d Cir. 1997) ("We have repeatedly noted that claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII."); Bronner v. Catholic Charities of Roman Catholic Diocese of Syracuse, Inc., 2010 WL 981959 (N.D.N.Y. Mar 15, 2010)(McAvoy, S.J.)(analyzing Title VII and New York State's Human Rights Law claims together); Smith v. Niagara Frontier Transp. Authority, 2007 WL 1119797 at *5 (W.D.N.Y.2007) (Courts "analyze [a plaintiff's] federal and

---

[1] Chiarello is alleged to have been Intervenor's supervisor and to have engaged in various forms of sexual harassment towards Intervenor. Garcia was an employee of Defendant College View Donuts and the owner of the subject Dunkin' Donuts franchise.

state law claims together because the Second Circuit applies federal standards of proof to discrimination claims brought under NYHRL.")(citing Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003)).  This includes claims brought against individuals under the New York Human Rights Law.  See Lamere v. New York State Office for the Aging, 2005 WL 1174068, at * 15 (N.D.N.Y. April 27, 2005)(McAvoy, S.J.); see also  N.Y. Exec. Law § 296(6)(making it an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so" ).

Moreover, courts often consider employment discrimination claims together with common law tort claims where the bases for the claims arise out of the same nucleus of operative facts.  See e.g. Bonilla v. Smithfield Associates LLC, 2009 WL 4457304S.D.N.Y., Dec. 4, 2009)(allowing federal & state age discrimination claims to proceed with state common law assault and battery claims).  Finally, Chiarello has not demonstrated that he suffered any prejudice by not being part of the administrative conciliation process.  Any defenses that he might have wished to assert may be presented before this Court.

Although the addition of the new claims and parties does add to the complexity of the pending case, it does not unduly prejudice Defendants and it does not outweigh the burden it would impose upon Intervenor to litigate her Title VII claims in this Court and her state law claims in another court.

For the foregoing reasons, the motion to intervene [dkt. # 6] is **GRANTED**. Intervenor must file her Complaint within fourteen (14) days of this Decision and Order, and she must then serve the Complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: April 9, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge