UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,                           :
                                      :
                Plaintiff,            :     Civil Action No: 1:09-01320
                                      :           TJM/RFT
         -against-                    :
                                      :
COLLEGE VIEW DONUTS LLC,              :
d/b/a DUNKIN' DONUTS                  :
                                      :
                Defendant.            :
_____   :
                                      :
H.S.,                                 :
                                      :
                Plaintiff-Intervenor, :
                                      :
         -against-                    :
                                      :
COLLEGE VIEW DONUTS, LLC,             :
d/b/a DUNKIN' DONUTS, IVO GARCIA      :
and PAUL CHIARELLO,                   :
                                      :
                Defendants.           :
_____   :



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
**MAY 27 2011**
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

## CONSENT DECREE

This action was initiated on November 25, 2009 by Plaintiff Equal Employment

Opportunity Commission (EEOC), an agency of the United States Government, alleging that

Defendant College View Donuts, LLC, d/b/a Dunkin' Donuts ("College View Donuts")

discriminated against H.S., S.D., and a class of similarly situated female employees (collectively

Claimants[1]) by subjecting them to sexual harassment because of their sex, in violation of Title

VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII) and the

---

[1] In addition to H.S. and S.D, the other Claimants are:  Melissa Bell, Brenda Delaney, Tara Ham, Mary Melber, Brigid Sheridan, and Mary Ann Wrobel

Civil Rights Act of 1991, 42 U.S.C. § 1981A.  On April 19, 2010, H.S. filed a Complaint in

Intervention in this action.  In addition to Title VII claims, H.S. also raised retaliation and other

claims pursuant to the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and New

York's common law.  H.S. brought these claims against College View Donuts and also named,

Ivo Garcia and Paul Chiarello as Defendants in this action.

EEOC, H.S., and Defendants (collectively referred to as the "Parties") desire to settle this

action without an admission of guilt, and therefore stipulate and consent to the entry of this

Consent Decree (Decree) as final and binding between the parties, and Defendant College View

Donuts' purchasers, successors, assigns, subsidiaries, affiliates, and any other corporation or

other entity into which College View Donuts may merge or with which College View Donuts

may consolidate.  Defendant College View Donuts will provide notice and a copy of the Decree

to any purchasers, successors, assigns, subsidiaries, affiliates, and any other corporation or other

entity into which College View Donuts may merge or with which it may consolidate. Defendant

College View Donuts will provide notice to the EEOC and counsel for H.S. at least 21 days

before it is purchased, acquired by, merges or consolidates with any other entity.  The Parties

agree that this Decree may be entered into without findings of fact and conclusions of law having

been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of

which is hereby acknowledged, the Parties agree as follows, and the Court finds appropriate, and

it is therefore ORDERED, ADJUDGED AND DECREED that:

## A.    GENERAL PROVISIONS

1.      This Decree resolves all issues in EEOC's and H.S.'s complaints in this case and

all issues raised in EEOC Charge Numbers 525-2007-01117 (H.S.), 525-2008-00429 (S.D.), and

525-2008-00598 (H.S.), which served as the jurisdictional prerequisite in this case. This Decree in no way affects EEOC's right to process any other pending or future charges that may be filed against Defendants and to commence civil actions on any such other charges as EEOC sees fit.

2.      The Court has jurisdiction of the subject matter of this action and over the Parties, venue is proper, and all administrative prerequisites have been met.

3.      Defendants will not contest the validity of this Decree.

4.      Defendants will not contest the right of EEOC to bring an enforcement proceeding upon the breach of any term of this Decree by Defendants and EEOC is authorized to seek compliance with this Decree in the United States District Court. The Court will retain jurisdiction to enforce this Decree.

5.      As part of this settlement, Defendants Ivo Garcia and College View Donuts have agreed to extend the obligations and requirements of Sections C through F below to all Dunkin' Donuts franchises owned by Ivo Garcia. It is understood by the parties, however, that the participation of the additional stores is pursuant to a negotiated settlement and does not create liability towards any entity beyond those of College View Donuts and Ivo Garcia.

**B.      INJUNCTION AGAINST DISCRIMINATION AND RETALIATION**

6.      Defendants are enjoined from discriminating against any individual because of the individual's sex and from creating or maintaining a sexually hostile work environment on the basis of sex.

7.      Defendants are enjoined from retaliating against H.S., S.D., Claimants, and any other individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, including retaliating against any individual who files a charge, complains about sexual

3

harassment, gives testimony or provides assistance with the investigation or litigation of any complaint, or who opposes discriminatory conduct.

### C.   APPOINTMENT OF EQUAL EMPLOYMENT OPPORTUNITY COORDINATOR AND EEO SUPERVISOR

8.     Within 14 days of the entry of this Decree, Defendant College View Donuts will retain an individual from an independent outside entity to serve as the Equal Employment Opportunity Coordinator (EEO Coordinator) for all Dunkin' Donuts franchises owned by Ivo Garcia. The person selected, Dr. Michele Paludi, is knowledgeable and experienced in laws prohibiting employment discrimination and appropriate investigative practices and techniques, and has been approved by EEOC.

9.     The EEO Coordinator will have responsibility for receiving, investigating and resolving reports and complaints of sex discrimination, sexual harassment and retaliation from all Dunkin' Donuts franchises owned by Ivo Garcia. The EEO Coordinator will be responsible for resolving such reports and complaints, including providing appropriate remedial relief to employees who are found to have been subjected to sex discrimination, sexual harassment or retaliation and imposing appropriate discipline on employees who are found to have engaged in sex discrimination, sexual harassment or retaliation. The EEO Coordinator will ensure that investigations are done in a manner that complies with federal anti-discrimination laws and this Decree and that reports or complaints of sex discrimination, sexual harassment and retaliation are resolved in a manner that complies with federal anti-discrimination laws and this Decree.

10.     Within 14 days of the entry of this Decree, Defendant College View Donuts will designate, train, and appoint Erin Oliveira as the Equal Employment Opportunity Supervisor (EEO Supervisor) for all Dunkin' Donuts franchises owned by Ivo Garcia.

11. The EEO Supervisor shall attend all training sessions set forth in Section F below and will be responsible for:

a. promoting compliance with Defendant College View Donuts' policies and procedures prohibiting employment discrimination, federal anti-discrimination laws, and this Decree;

b. arranging for training of all employees as required by this Decree;

c. ensuring that all notices and postings required by this Decree are issued and maintained as required by this Decree;

d. maintaining records required by anti-discrimination laws and this Decree and forwarding reports and records to EEOC as required by this Decree;

e. regularly attending training and taking other steps, including membership in professional organizations, to keep abreast of developments in federal anti-discrimination laws.

12. All Dunkin' Donuts franchises owned by Ivo Garcia will fully cooperate with the EEO Coordinator and EEO Supervisor in the performance of their responsibilities under this Decree. Defendants will pay all costs, fees and expenses of the EEO Coordinator. The EEO Coordinator and EEO Supervisor will have full access to the facilities of all Dunkin' Donuts franchises owned by Defendant Ivo Garcia and to their officers, managers, assistant managers, shift leaders, employees, vendors, contractors, documents and records related to the performance of their responsibilities under this Decree. The officers, managers, and supervisors of all Dunkin' Donuts franchises owed by Ivo Garcia will immediately inform the EEO Coordinator of any allegations, reports or suspected incidents of sex discrimination, sexual harassment or retaliation.

13. Within 14 days of the entry of this Decree, Defendant College View Donuts will establish and maintain a telephone number for the EEO Coordinator, for reporting suspected sex discrimination, sexual harassment or retaliation.

14.     Within 14 days of the entry of this Decree, Defendant College View Donuts will provide each employee with a 3" x 2" laminated wallet card stating alternative methods for making a complaint of discrimination including the identity of the EEO Coordinator, address and telephone number, as well as contact information for the EEOC New York District Office. A wallet card will be provided to each new employee at the Dunkin' Donuts franchises owned by Ivo Garcia within 7 days of hire. The content of the card is attached as Exhibit A. Within 6 months of entry of the Decree, and every 6 months thereafter, Defendant College View Donuts will provide EEOC a list of employees hired during the period and confirmation that those employees have received the wallet card.

15.     If Dr. Michele Paludi and/or Erin Oliveira cease to act as EEO Coordinator or EEO Supervisor, respectively, for any reason, Defendant College View Donuts will provide written notice to EEOC of the need to retain a new EEO Coordinator and/or EEO Supervisor, state the reasons why the EEO Coordinator and/or EEO Supervisor is ceasing to act in that role, and identify another qualified person or entity to assume the role of EEO Coordinator and/or EEO Supervisor, subject to EEOC approval. Such notice must be provided to EEOC within 7 days of the day that Defendant College View Donuts learns that the person or entity appointed as the EEO Coordinator and/or EEO Supervisor is ceasing to act in that capacity. If EEOC does not approve the appointment of the proposed new EEO Coordinator and/or EEO Supervisor, College View Donuts will immediately propose a new EEO Coordinator and/or EEO Supervisor for EEOC approval within 14 days of learning of EEOC's decision.

### D.     POLICIES AND PROCEDURES

16.     Defendant College View Donuts has revised its written policies and procedures prohibiting employment discrimination, including policies and procedures prohibiting sex

6

discrimination, sexual harassment and retaliation to conform with the requirements herein. The policies and procedures include a strong and clear commitment to a workplace free of sex discrimination, sexual harassment and retaliation.  The policies and procedures clearly state that sex discrimination, sexual harassment and retaliation by all persons, including officers, managers and supervisors, is strictly prohibited and will not be tolerated.  The policies and procedures state methods for reporting incidents of sex discrimination, sexual harassment and retaliation, including that reports or complaints of suspected sex discrimination, sexual harassment or retaliation may be made to any manager or supervisor or to the EEO Coordinator. The policies and procedures address the investigation and resolution of reports or incidents of sex discrimination, sexual harassment and retaliation.  The policies and procedures include discussion of appropriate discipline of employees who engage in discriminatory, harassing or retaliatory conduct, and will describe the consequences, up to and including termination, that will be imposed upon any employee, supervisor or manager who is reasonably found to have violated the policies.  The policies and procedures require that supervisors or managers who receive reports or who witness or learn of possible incidents of sex discrimination, sexual harassment or retaliation must immediately report it to the EEO Coordinator.  EEOC has reviewed and approved College View Donuts' revised policies and procedures, a copy of which are attached as Exhibit B

   17. Within 14 days of the entry of this Decree, Defendant College View Donuts will adopt and implement its revised policies and procedures at all Dunkin' Donuts franchises owned by Defendant Ivo Garcia and will distribute a copy of the revised policies and procedures to all current employees of each Dunkin' Donuts franchise owned by Ivo Garcia and to all new employees of such Dunkin' Donuts when they start their employment.

18.     Within 21 days of the entry of this Decree, Defendant College View Donuts will send written verification to EEOC that it has distributed the revised policies and procedures to all current employees of each Dunkin' Donuts franchise owned by Defendant Ivo Garcia.  Every 6 months thereafter Defendant College View Donuts will send written verification to EEOC that the policies and procedures have been given to all new employees of each Dunkin' Donuts franchise owned by Defendant Ivo Garcia.

E.     **NOTICES AND POSTING**

19.     Within 14 days of the entry of this Decree, Defendant College View Donuts will display and maintain an EEOC poster in a place visually accessible to employees and applicants for employment at all Dunkin' Donuts franchises owned by Defendant Ivo Garcia.

20.     Within 14 days of the entry of this Decree, Defendant College View Donuts will display and maintain a copy of the revised policies and procedures in a place visually accessible to employees and applicants for employment at all Dunkin' Donuts franchises owned by Defendant Ivo Garcia.

21.     Within 14 days of the entry of this Decree, Defendant College View Donuts will display and maintain a remedial Notice pursuant to this Decree, a copy of which is attached as Exhibit C, printed on EEOC letterhead, in a place visually accessible to all employees and applicants for employment at all Dunkin' Donuts owned by Defendant Ivo Garcia.

22.     Within 14 days of the entry of this Decree, Defendant College View Donuts will send a memorandum signed by Defendant Ivo Garcia to all employees of the Dunkin' Donuts franchises owned by Ivo Garcia emphasizing Defendants' commitment to abide by all federal laws prohibiting employment discrimination, including laws prohibiting sex discrimination, sexual harassment and retaliation and will thereafter distribute a copy of the memorandum to all

new employees when they start their employment.  The memorandum will also identify the EEO

Coordinator, explain the responsibilities of the EEO Coordinator, and identify the number that

can be used to report suspected incidents of sex discrimination, sexual harassment or retaliation.

A copy of the memorandum is attached as Exhibit D.

      23.      Within 14 days of the entry of this Decree, Defendant College View Donuts will

send written verification to EEOC that the poster, written policies and procedures prohibiting

employment discrimination, remedial notice, and memorandum of Defendant Ivo Garcia have

been posted and distributed in accordance with this Decree.  Each year thereafter on or before

January 15, Defendant College View Donuts will send written verification to EEOC that these

items continue to be maintained, distributed and posted in accordance with this Decree.

      **F.**      **TRAINING**

      24.      Within 21 days of the entry of this Decree and then on a bi-annual basis,

Defendant College View Donuts will provide 2 hours of training to all current employees of

each Dunkin' Donuts franchise owned by Defendant Ivo Garcia on federal laws prohibiting

discrimination in employment, with a special emphasis on laws prohibiting sex discrimination,

sexual harassment and retaliation. The training will address the revised policies and procedures

described in paragraph 16 above prohibiting employment discrimination, including policies and

procedures prohibiting sex discrimination, sexual harassment and retaliation, and describe the

methods for reporting incidents of suspected sex discrimination, sexual harassment and

retaliation.  The training will also address how reports of suspected sex discrimination, sexual

harassment and retaliation will be investigated and resolved, including Defendant College View

Donuts' disciplinary procedures.  The training will identify the EEO Coordinator, explain the

responsibilities of the EEO Coordinator, and identify the telephone number that can be used to report suspected incidents of sex discrimination, sexual harassment or retaliation.

25.    Defendant College View Donuts will provide equivalent training to all new employees within 7 days of hire. The training will be conducted by the EEO Supervisor and shall not excuse such newly hired employee from attendance at the bi-annual training set forth in paragraph 24 above.

26.    Within 21 days of the entry of this Decree and then on a bi-annual basis, Defendant College View Donuts will provide all officers, managers, supervisors, assistant managers and shift leaders of each Dunkin' Donuts franchise owned by Defendant Ivo Garcia, with 4 hours of training in federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting sex discrimination, sexual harassment and retaliation. The training will instruct officers, managers, supervisors, assistant managers, and shift leaders that each Dunkin' Donuts franchise owned by Ivo Garcia has a legal obligation to take appropriate steps to prevent sex discrimination, sexual harassment and retaliation and to take prompt remedial measures if it occurs. The training will discuss the revised policies and procedures described in paragraph 16 above prohibiting employment discrimination, including policies and procedures prohibiting sex discrimination, sexual harassment and retaliation and describe the methods for reporting incidents of suspected sex discrimination, sexual harassment and retaliation. The training will stress that officers, managers, supervisors, assistant managers, and shift leaders must set the tone for enforcement of the revised policies and procedures and that they must not engage in sex discrimination, sexual harassment or retaliation. The training will also address how reports of suspected sex discrimination, sexual harassment and retaliation will be investigated and resolved, including Defendant College View Donuts' disciplinary

10

procedures.  The training will identify the EEO Coordinator, explain the responsibilities of the

EEO Coordinator, and identify the telephone number that can be used to report suspected

incidents of sex discrimination, sexual harassment or retaliation.  The training will instruct

officers, managers, supervisors, assistant managers, and shift leaders, that if they witness or

learn of possible incidents of sex discrimination, sexual harassment or retaliation, they are

required to immediately report it to the EEO Coordinator.  The training will stress that

retaliation against individuals who engage in protected activity under Title VII will not be

tolerated, and that individuals who engage in sex discrimination, sexual harassment or

retaliation will be disciplined, and that such discipline may include suspension without pay or

termination.

27.      Defendant College View Donuts will train all new managers, supervisors,

assistant managers and shift leaders within 7 days of the date the employees assume managerial

or supervisory responsibilities.  The training will be conducted by the EEO Supervisor and shall

not excuse such newly hired or promoted employee from attendance at the bi-annual training set

forth in paragraph 26 above.

28.      Defendant College View Donuts will maintain records identifying the attendees at

each training session pursuant to paragraphs 24-27, and will provide a copy of such records to

EEOC within 7 days of each session.

29.      The training referenced in paragraphs 24 and 26will be conducted by Lemery

Greisler LLC, or such other entity, independent person or organization, approved by the EEOC.

EEOC has reviewed and approved an outline of the content of the training, a copy of which is

attached as Exhibit E.

## G.   ADDITIONAL NON-MONETARY REMEDIAL PROVISIONS

30.   Defendants College View Donuts and Ivo Garcia will not re-hire Paul Chiarello.

31.   In the event that Defendant College View Donuts is contacted by any prospective employer for a reference or information about H.S., S.D., and/or the other Claimants, Defendant College View Donuts will respond, consistent with its policy of providing neutral references, by giving only their dates of hire, dates of separation, and if asked, indicate that their status is eligible for rehire.  Defendant College View Donuts will not, under any circumstances, mention this action or the underlying charge of discrimination when responding to such requests for information .

32.   Within 14 days of the entry of this Decree, Defendant College View Donuts will provide H.S., S.D., and the Claimants with a written apology, in the form attached as Exhibit F, and maintain a copy of the apology in their personnel files.

## H.   MONETARY RELIEF

33.   Defendant College View Donuts will pay a total of $290,000 in monetary damages to H.S., S.D., and the other Claimants identified in Exhibit G.  The foregoing amount shall be paid in installments, in the amounts and on the dates set forth below and in the manner set forth in Exhibit G.  If any payment is not made on or before the dates set forth below and in Exhibit G, the entire unpaid balance will be immediately due and enforceable against Defendant College ViewDonuts under this Decree and Claimants shall have Judgment therefore against Defendant College View Donuts without further notice.  The agreed schedule of payments is:

| | |
|---|---|
| 11/1/2011 | $37,500 |
| 05/1/2012 | $37,500 |
| 11/1/2012 | $37,500 |
| 05/1/2013 | $37,500 |
| 11/1/2013 | $35,000 |
| 05/1/2014 | $35,000 |

12

11/1/2014    $35,000
12/1/2014    $35,000

34.    The monies to be paid to H.S., S.D., and the other Claimants represent compensatory damages under Title VII and no tax withholdings shall be made. Defendant College View Donuts will send the payments by certified mail directly to the Claimants at the addresses shown in Exhibit G. If any checks are returned, Defendant College View Donuts will immediately notify EEOC. Upon such notification, EEOC will attempt to locate the Claimants whose checks are returned and provide updated addresses to Defendant College View Donuts. The payments to H.S. should be made payable to Hannah Scheuerman and Towne, Ryan & Partners, as her attorneys, and mailed to her counsel at P.O. Box 15072 Albany NY 12212.

35.    Defendant College View Donuts will issue 1099 forms to each Claimant on or before January 15 of each year. Copies of the checks and tax forms sent to the Claimants will be contemporaneously provided to the EEOC.

36.    Ivo Garcia shall guaranty and be subject to full personal liability for payment of the outstanding amount due from College View Donuts under the settlement agreement as a result of any of the following:  (i) any misappropriation of funds or profits from Defendant College View Donuts; (ii) the diversion of funds or profits from Defendant College View Donuts to any other entities for purposes of avoidance of payment of the outstanding amount due under the settlement agreement, (iii) allocation of expenses to Defendant College View Donuts inconsistent with current business practices; or (iv) the sale, transfer, or disposal of assets of Defendant College View Donuts other than in the ordinary course of business; and (v) Ivo Garcia shall not sell, transfer or hypothecate any membership interest in College View Donuts. In the event that the payments identified above in paragraph 33 are not made and said non-payment is a result of any of the actions identified in this paragraph, thereby triggering Ivo

13

Garcia's personal liability, said outstanding balance shall be subject to interest accruing thereon and all reasonable legal fees.

37.     Defendant College View Donuts will provide to EEOC and counsel for H.S., its Profit and Loss statements and K1 statements on an annual basis. These documents will be provided on or before January 15 of each year.

38.     If either EEOC or H.S. determines, in the exercise of their reasonable discretion and based upon reasonable and verifiable information, that Defendant College View Donuts is not in compliance with paragraph 36 above, H.S. and EEOC may seek relief from the Court.

39.     Defendant College View Donuts will not commence any case, proceeding, or other action relating to bankruptcy, insolvency, reorganization, or relief of debtors or otherwise seek to adjudicate itself as bankrupt or insolvent for the sole purpose of avoiding payment of the agreed upon settlement.

I.     **REPORTS AND MONITORING**

40.     Defendant College View Donuts will maintain records of all oral and written reports of actual or suspected sex discrimination, sexual harassment or discrimination and maintain records of all investigations and responses to such reports, including interview notes and disciplinary records. Every 6 months after the entry of this Decree, Defendant College View Donuts will provide EEOC with a report summarizing all claims of sex discrimination, sexual harassment or discrimination made by employees at any of the Dunkin' Donuts franchises owned by Defendant Ivo Garcia. The reports, at a minimum, must contain the name of each person making the report, the name of each person alleged to have engaged in the discriminatory conduct, the name of each person allegedly subjected to the discriminatory conduct, the dates of the alleged conduct, a summary of the steps taken during the investigation

14

and dates those steps were taken, the results of the investigation, a description of any disciplinary action taken and the dates of such disciplinary action.

41.     All materials required by this Decree to be sent to EEOC will be addressed to:

> Adela Santos
> Equal Employment Opportunity Commission
> New York District Office – Legal Unit
> 33 Whitehall St., 5th Floor
> New York, NY 10004

42.     EEOC may monitor compliance with this Decree by unannounced inspection of any Defendant Ivo Garcia's Dunkin' Donuts franchise's premises, records, and interviews with available employees related to enforcement of this Decree.

## J.     DURATION OF DECREE AND RETENTION OF JURISDICTION

43.     This Decree will remain in effect for 6 years from the date of entry. Upon the entry of this Decree, this matter may be immediately closed, but the Court will retain jurisdiction to enforce the Decree.

**APPROVED IN FORM AND CONTENT:**

**FOR PLAINTIFF:**

Dated: ___5|24|11___

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Elizabeth Grossman
Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(212) 336-3696 Tel.
(212) 336-3623 Fax
elizabeth.grossman@eeoc.gov

Nora E. Curtin
Supervisory Trial Attorney
(212) 336- 3747 Tel.
nora.curtin@eeoc.gov

Adela Santos
Trial Attorney
(212) 336-3695 Tel.
adela.santos@eeoc.gov

**FOR PLAINTIFF-INTERVENOR
H.S.:**

Dated: _5/30/11_

_Elena De Fio Kean_

Elena DeFio Kean, Esq.
NYND Bar No. 506983
Susan F. Bartkowski, Esq.
NYND Bar No. 505963

TOWNE, RYAN & PARTNERS, P.C.
450 New Karner Road, P.O. Box 15072
Albany, NY 12212-5072
(518) 452-1800 Tel.
(518) 452-6435 Fax
elena.defiokean@townelaw.com

**FOR DEFENDANT:**

**IVO GARCIA**

Dated: _5/23/11_

Ivo Garcia

Robert A. Lippman, Esq.
NDNY Bar No. 102062

ATTORNEY FOR IVO GARCIA

LEMERY GREISLER LLC
60 Railroad Place, Suite 502
Saratoga Springs, NY 12866
(518) 581-8800 Tel.
(518) 581-8823 Fax
rlippman@lemerygreisler.com

**FOR DEFENDANT:**

**COLLEGE VIEW DONUTS, LLC,
d/b/a DUNKIN' DONUTS**

16

Dated: _____5/23/11_____

_____
Ivo Garcia, Owner

_____
Robert A. Lippman, Esq.
NDNY Bar No. 102062

ATTORNEY FOR COLLEGE VIEW DONUTS,
LLC, d/b/a DUNKIN' DONUTS

LEMERY GREISLER LLC
60 Railroad Place, Suite 502
Saratoga Springs, NY 12866
(518) 581-8800 Tel.
(518) 581-8823 Fax
rlippman@lemerygreisler.com

**FOR DEFENDANT:**

Dated: _____5/20/11_____          PAUL CHIARELLO

_____
E. David Duncan, Esq.
NYND Bar No. 101550

ATTORNEY FOR PAUL CHIARELLO

DUNCAN AND DUNCAN
12 State Street
Albany, NY 12207
(518) 463-2196 Tel.
(518) 432-4847 Fax
duncananddduncan@verizon.net

**SO ORDERED, ADJUDGED AND DECREED** this 26ᵗʰ day of May, 2011.

_____
HONORABLE THOMAS J. MCAVOY
**U.S. District Court Judge**